# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　**Plaintiff,**<br><br>　　　v.<br><br>**JESUS DURAN,**<br><br>　　　　　**Defendants.** | **1:09-cr-00339 LJO**<br><br>**MEMORANDUM DECISION AND ORDER DENYING PETITION FOR CONCURRENT TERM OF UNDISCHARGED CONVICTION PURSUANT TO 18 U.S.C. § 3584 (Doc. 223)** |

　　　On August 22, 2011, Defendant pled guilty to one count of conspiracy to manufacture, distribute, and possess with intent to distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Docs. 134 and 123. At the time of sentencing, this Court was informed that Defendant was sentenced previously in the Northern District of California ("NDCA") to an 87-month term of imprisonment in connection with a separate, then-undischarged drug conviction ("NDCA Sentence") in NDCA Case No. 5:03-CR-20115-JF-2. Doc. 165 at 4 (Government's Sentencing Memorandum). Defendant requested at sentencing before this Court that any new term of imprisonment be allowed to run concurrent with his NDCA Sentence. Doc. 161 at 2. The United States opposed this request. Doc. 165 at 4. On November 28, 2011, this Court sentenced Defendant to a 135-month term of imprisonment, "to run consecutive to any discharged term of imprisonment." Doc. 167 at 2 (Judgment and Commitment)("EDCA Sentene"). On February 18, 2015, Defendant's sentence was amended pursuant to 18 U.S.C. § 3582(c)(2) to reduce his term of imprisonment from 135 months to 120 months

("Modified EDCA Sentence"), but the order running this term consecutive to any other terms of imprisonment was not modified. Doc. 219.

On August 3, 2015, Defendant filed a motion with the NDCA, requesting that he be permitted to serve the Modified EDCA Sentence concurrently with the NDCA Sentence. Doc. 223, Attachment A. The NDCA denied the motion on the ground that the request should be directed to this Court, not the NDCA. *Id*. The NDCA also pointed out that, as of August 3, 2015, Defendant had served the entirety of his NDCA Sentence. *Id*.

Now before this Court is Defendant's request to run his Modified EDCA Sentence concurrently with his NDCA Sentence. This Court lacks authority to do so. As a general matter, a criminal sentence is final upon completion of direct review, and the sentencing court thereafter lacks authority to revisit it. 18 U.S.C. § 3582(b); *Dillon v. United States*, 560 U.S. 817, 824-25 (2010); *United States v. Leniear*, 574 F3d 668, 673 (9th Cir. 2009). Limited exceptions to this rule exist, including cases in which "a defendant [ ] has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission...." 18 U.S.C. § 3582(c)(2). Defendant's present motion does not invoke § 3582(c)(2).[1]

Defendant relies instead upon 18 U.S.C. § 3584, which provides, in pertinent part:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

While § 3584 would have permitted (but not required) this Court to run the EDCA Sentence concurrent

---

[1] As mentioned above, this Court previously utilized § 3582(c)(2) to reduce Defendants term of imprisonment from 135 to 120 months. *See* Doc. 222.

2

to the NDCA Sentence at the time of sentencing, nothing in this provision alters the fact that the EDCA Sentence is now final and cannot be modified unless an exception to the finality rule applies. Defendant does not point to any applicable statute that permits this Court to modify the Modified EDCA Sentence at this time.

Accordingly, and for the reasons set forth above, Defendant's request to run his Modified EDCA Sentence concurrent with his now-discharged NDCA sentence is DENIED.

IT IS SO ORDERED.

Dated:   **February 10, 2016**                    **/s/ Lawrence J. O'Neill**
                                                  UNITED STATES DISTRICT JUDGE