1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

7

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **1:09-cr-00339 LJO** |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER DENYING RENEWED PETITION FOR CONCURRENT TERM OF UNDISCHARGED CONVICTION PURSUANT TO 18 U.S.C. § 3584 (Doc. 229)** |
| **v.** | |
| **JESUS DURAN,** | |
| **Defendant.** | |

8

9

10

11

12

13

14

      On August 22, 2011, Defendant pled guilty to one count of conspiracy to manufacture, distribute, and possess with intent to distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Docs. 134 and 123. At the time of sentencing, this Court was informed that Defendant was sentenced previously in the Northern District of California ("NDCA") to an 87-month term of imprisonment in connection with a separate, then-undischarged drug conviction ("NDCA Sentence") in NDCA Case No. 5:03-CR-20115-JF-2. Doc. 165 at 4 (Government's Sentencing Memorandum). Defendant requested at sentencing before this Court that any new term of imprisonment be allowed to run concurrent with his NDCA Sentence. Doc. 161 at 2. The United States opposed this request. Doc. 165 at 4. On November 28, 2011, this Court sentenced Defendant to a 135-month term of imprisonment, "to run consecutive to any discharged term of imprisonment." Doc. 167 at 2 (Judgment and Commitment) ("EDCA Sentence"). On February 18, 2015, Defendant's sentence was amended pursuant to 18 U.S.C. § 3582(c)(2) to reduce his term of imprisonment from 135 months to 120 months

15

16

17

18

19

20

21

22

23

24

25

1   ("Modified EDCA Sentence"), but the order running this term consecutive to any other terms of

2   imprisonment was not modified. Doc. 219.

3        On August 3, 2015, Defendant filed a motion with the NDCA, requesting that he be permitted to

4   serve the Modified EDCA Sentence concurrently with the NDCA Sentence. Doc. 223, Attachment A.

5   The NDCA denied the motion on the ground that the request should be directed to this Court, not the

6   NDCA. *Id*. The NDCA also pointed out that, as of August 3, 2015, Defendant had served the entirety of

7   his NDCA Sentence. *Id*.

8        On October 5, 2015, Defendant filed a request to run his Modified EDCA Sentence concurrently

9   with his NDCA Sentence. Doc. 223.

10       On February 10, 2016, this Court denied Defendant's October 5, 2015 motion, explaining that

11  the Court lacks authority to further modify the Modified EDCA Sentence. Doc. 228. As a general

12  matter, a criminal sentence is final upon completion of direct review, and the sentencing court thereafter

13  lacks authority to revisit it. 18 U.S.C. § 3582(b); *Dillon v. United States*, 560 U.S. 817, 824-25 (2010);

14  *United States v. Leniear*, 574 F3d 668, 673 (9th Cir. 2009). Limited exceptions to this rule exist,

15  including cases in which "a defendant [ ] has been sentenced to a term of imprisonment based on a

16  sentencing range that has subsequently been lowered by the Sentencing Commission...." 18 U.S.C. §

17  3582(c)(2). Defendant's October 5, 2015 motion did not invoke § 3582(c)(2).[1]

18       In his October 5, 2015 motion, Defendant did rely upon 18 U.S.C. § 3584, which provides, in

19  pertinent part:

20          If multiple terms of imprisonment are imposed on a defendant at the same
            time, or if a term of imprisonment is imposed on a defendant who is

21          already subject to an undischarged term of imprisonment, the terms may
            run concurrently or consecutively, except that the terms may not run

22          consecutively for an attempt and for another offense that was the sole
            objective of the attempt. Multiple terms of imprisonment imposed at the

23          same time run concurrently unless the court orders or the statute mandates

24  _____

25  [1] As mentioned above, this Court previously utilized § 3582(c)(2) to reduce Defendants term of imprisonment from 135 to
    120 months. *See* Doc. 222.

1       that the terms are to run consecutively. Multiple terms of imprisonment
    imposed at different times run consecutively unless the court orders that
2       the terms are to run concurrently.

3   As this Court explained in its February 10, 2016 Order, while § 3584 would have permitted (but not

4   required) this Court to run the EDCA Sentence concurrent to the NDCA Sentence at the time of

5   sentencing, nothing in this provision alters the fact that the EDCA Sentence is now final and cannot be

6   modified unless an exception to the finality rule applies. Doc. 228 at 2-3. Because Defendant did not

7   point to any applicable statute that permits this Court to modify the Modified EDCA Sentence at this

8   time, the Court denied Defendant's October 5, 2015 motion. *Id.*

9       On August 31, 2016, Defendant filed a motion that appeared to request relief from the NDCA to

10  run his NDCA Sentence concurrent with his Modified EDCA Sentence. Doc. 229. Because the

11  document was captioned with the number from the NDCA case ("03-cr-20115-JF-2), this Court assumed

12  the filing was a courtesy copy of a document sent to the NDCA. Upon further review, the Court believes

13  Defendant may have been addressing the request to this Court. To the extent that is the case, Defendant

14  offers this Court no reason to depart from its February 10, 2016 finding that it lacks authority to modify

15  further his Modified EDCA Sentence. Accordingly, and for the reasons set forth above, to the extent

16  Defendant's August 31, 2016 filing is a request to run his Modified EDCA Sentence concurrent with his

17  NDCA Sentence, the request is DENIED.

18

19  IT IS SO ORDERED.

20  Dated:   __February 23, 2017__            _____/s/ Lawrence J. O'Neill_____
                                          UNITED STATES CHIEF DISTRICT JUDGE

21

22

23

24

25